## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

SEVEN SEAS WATER CORPORATION,

Plaintiff,

v.

VVATER LLC,

Defendant.

Case No. 8:26-cv-01543

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Seven Seas Water Corporation ("Plaintiff" or "Seven Seas Water"),

by and through its undersigned counsel, for its Complaint against Defendant

VVater LLC ("Defendant") states as follows:

### I.    NATURE OF THE ACTION

1.    This is an action for trademark infringement, false designation of

origin, and unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1114

and 1125(a), common law trademark infringement and unfair competition, and

deceptive and unfair practices in violation of Florida Statutes § 501.201 *et. seq.*

2.    These claims arise out of Defendant's willful infringement of

Plaintiff's incontestable trademark registrations and common law rights in the

trademarks WATER AS A SERVICE, WATER-AS-A-SERVICE, and WAAS (the

"WATER AS A SERVICE Marks") through Defendant's unauthorized use of the

WATER AS A SERVICE Marks in connection with the marketing and sale of Defendant's goods and/or services.

## II.   PARTIES

3.     Plaintiff Seven Seas Water Corporation is a corporation organized under the laws of the State of Delaware with its principal place of business located at 14400 Carlson Circle, Tampa, Florida 33626.

4.     Upon information and belief, Defendant VVater LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business located at 110 Wild Basin Road, Suite 250, Austin, Texas 78746.

## III.   JURISDICTION AND VENUE

5.     The Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338 for Plaintiff's claims that arise under federal law and are predicated on 15 U.S.C. § 1114 and 15 U.S.C. §§ 1125(a). The Court has supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367 because they are substantially related to and joined with Plaintiff's federal Lanham Act claims such that they form part of the same case or controversy.

6.     The Court has personal jurisdiction over Defendant because by virtue of its presence in this State, having conducted business in this State, having

2

engaged in systematic and continuous contacts with the State of Florida, and in particular within this judicial district, and by committing acts of infringement directly targeting the State of Florida and this judicial district.

7. Venue is proper in the district under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## IV. FACTUAL BACKGROUND

### A. Seven Seas Water and its Trademarks

8. Seven Seas Water provides sustainable water and wastewater solutions, including desalination, water purification, and water reuse/recycling services, across the United States, the Caribbean, and Latin America.

9. Since at least as early as 2014, Seven Seas Water and its predecessor-in-interest have exercised exclusive and continuous use in the United States of the WATER AS A SERVICE Marks, including the trademarks WATER AS A SERVICE, WATER-AS-A-SERVICE and the corresponding acronym mark WAAS, in connection with its water treatment, including purification, reuse, recycling and desalination services along with related goods and services.

10. Seven Seas Water has expended substantial resources in marketing, advertising, and promoting the WATER AS A SERVICE Marks and has derived substantial revenues from its sale of goods and services under the WATER AS A

SERVICE Marks.

11. For example, Seven Seas Water uses its WATER AS A SERVICE Marks on its website at https://sevenseaswater.com/ and social media (*e.g.,* https://www.linkedin.com/company/seven-seas-water/; https://x.com/7SeasWaterGroup; https://www.facebook.com/7SeasWAAS) to promote its sustainable water and wastewater solutions across the entire water treatment cycle.

12. Seven Seas Water's extensive and continuous marketing, advertising, and sale of goods and services under the WATER AS A SERVICE Marks has generated substantial goodwill and consumer recognition in the WATER AS A SERVICE Marks.

13. In addition to its extensive common law rights in the WATER AS A SERVICE Marks, Seven Seas Water owns several incontestable U.S. trademark registrations, namely the registrations below (the "Registrations").

| Trademark | Reg. No. | Goods/Services |
|---|---|---|
| WATER-AS-A-SERVICE | 4,852,831 | **Class 40**: Water recycling and desalination services |
| WATER AS A SERVICE | 5,241,727 | **Class 11**: Water distillation units, water desalination units and water filtering apparatus to be used to treat water for use in domestic and foreign home, commercial, industrial and public utility applications<br><br>**Class 35**: Operation of a business for others, namely, water desalination and water treatment |

| Trademark | Reg. No. | Goods/Services |
|---|---|---|
| | | plants<br><br>**Class 37**: Installation, maintenance and repair of domestic and foreign home, commercial and industrial point-of-use drinking water systems, water coolers, coffee brewers, water filters, irradiation, water cooler and water filtration connections, equipment and materials; Maintenance and repair of water desalination and water treatment plants<br><br>**Class 39**: Delivery of domestic and foreign home, commercial and industrial commercial point-of-use drinking water systems, water coolers, coffee brewers, water filters, irradiation, water cooler and water filtration connections, equipment and materials; Water distribution services, namely, providing emergency supplies of water for municipal, industrial and private developers<br><br>**Class 40**: Leasing of water irradiation equipment; Waste water treatment services; Leasing of water filtration units and desalination systems and related equipment for commercial, industrial and public utility use; leasing of water treatment equipment, namely, water desalination and water treatment plants; Leasing of water filters for home use<br><br>**Class 43**: Leasing of drinking water equipment, namely, domestic and foreign home, commercial office and industrial commercial point-of-use drinking water systems and water coolers; Leasing of coffee brewers |
| WAAS | 4,848,073 | **Class 40**: Water recycling and desalination services |
| WAAS | 5,241,728 | **Class 35**: Operation of a business for others, namely, water desalination and water treatment plants |

5

| Trademark | Reg. No. | Goods/Services |
|---|---|---|
| | | **Class 37**: Installation, maintenance and repair of domestic and foreign home, commercial and industrial point-of-use drinking water systems, water coolers, coffee brewers, water filters, irradiation, water cooler and water filtration connections, equipment and materials; Maintenance and repair of water desalination and water treatment plants<br><br>**Class 39**: Delivery of domestic and foreign home, commercial and industrial commercial point-of-use drinking water systems, water coolers, coffee brewers, water filters, irradiation, water cooler and water filtration connections, equipment and materials; Water distribution services namely, providing emergency supplies of water for municipal, industrial and private developers<br><br>**Class 40**: Leasing of water irradiation equipment; Waste water treatment services; Leasing of water filtration units and desalination systems and related equipment for commercial, industrial and public utility use; leasing of water treatment equipment, namely, water desalination and water treatment plants; Leasing of water filters for home use<br><br>**Class 43**: Leasing of drinking water equipment, namely, domestic and foreign home, commercial office and industrial commercial point-of-use drinking water systems and water coolers; Leasing of coffee brewers |

14. Copies of the certificates of registration for U.S. Trademark Reg. Nos. 4,852,831, 5,241,727, 4,848,073, and 5,241,728 are attached hereto as **Exhibit A**.

15. The Registrations are valid, subsisting, and incontestable within the

6

meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065, which constitutes conclusive evidence of the validity of the registered marks, as well as Plaintiff's entitlement to the exclusive use of the WATER AS A SERVICE Marks throughout the U.S. on the goods and services identified in the registrations.

**B.    Defendant's Unauthorized Use of the WATER AS A SERVICE Marks**

16.    Upon information and belief, Defendant was formed as "VVater LLC" in the State of Delaware on February 10, 2022.

17.    According to its website at www.vvater.com, Defendant is "a next-generation water technology company with a single mission: to solve the water crisis."

18.    Upon information and belief, Defendant offers water treatment, purification, and reuse solutions.

19.    Defendant advertises its services using the infringing WATER AS A SERVICE Marks through the same marketing channels that Plaintiff utilizes, including without limitation, the Internet.

20.    For example, Defendant uses the infringing WAAS mark on its home page (https://vvater.com/) and on separate pages of its website advertised "VVaaS" and "an inventive and transparent VVater-as-a-Service (VVaaS) contract model" (https://vvater.com/waas/). Excerpts of one of these webpages is shown below.



## VVater is Built Different

VVater is a next-generation water technology company with a single mission: to solve the water crisis. In our effort to provide clean water for all humankind, we develop award-winning water treatment and reuse solutions that are the backbone of circular water economies worldwide. We combine advanced purification technology with a tech-agnostic design process to flexibly accommodate the needs of customers across every economic sector.

## Sustainability Without Compromise



VVater distinguishes itself from any other water technology company with an inventive and transparent VVater-as-a-Service (VVaaS) contract model. After partnering with your organization, we only take 10% CapEx down to build your ideal water treatment solution. The project costs are built into the monthly OpEx, which remains low thanks to our technology's energy efficiency. This aspect of our tech results in lower utility costs. Our non-reliance on consumables also works to minimize overhead.

### VVater-as-a-Service

Water treatment hasn't changed in centuries. Water is accelerating the pace of innovation to prevent Day Zero.

| VVater carries the entire Capital Expenditure Bill from Design through to Construction | VVater Designs, Builds, Owns & Operates the entire facility for 10 Years ensuring maximum uptime. | Master Service Agreement is signed for 10 Years, whereby it can be renewed or switched to maintain only. | No extra costs, no hidden fees, no surprises. VVater ensures compliance, no downtime, and maximum efficiencies. |

21.     Defendant's website marketing materials are accessible to consumers in Florida and throughout the United States.

22.     Defendant also makes available on its website for preorder its "Vater Shield One" water treatment and water softening system, including for residents

of Florida to preorder.

23.    On March 31, 2025, after learning of VVater and its unauthorized use of Plaintiff's WATER AS A SERVICE Marks, Plaintiff sent Defendant a cease-and-desist letter demanding that Defendant immediately cease all use of the WATER AS A SERVICE Marks in the United States and any confusingly similar variations.

24.    On January 15, 2026, Defendant agreed to comply with Plaintiff's demands within 90 days and provide notice to Plaintiff of the same.

25.    Instead of complying, Defendant made an insubstantial, still-infringing change of the letter "W" to "VV" and thus continues its willfully infringing use of the WATER AS A SERVICE Marks.

26.    In blatant disregard of Plaintiff's rights and despite having actual notice of Plaintiff's rights since at least as early as March 31, 2025, Defendant continues to promote, advertise, distribute, offer for sale, and/or sell goods and/or services in interstate commerce using essentially identical marks that infringe Plaintiff's rights in its WATER AS A SERVICE Marks.

27.    Upon information and belief, Defendant has used the WATER AS A SERVICE Marks and currently uses marks essentially identical to the WATER AS A SERVICE Marks in its marketing, including on its website at https://vvater.com/waas/, to promote its water and water-related goods and services, including but not limited to water treatment, purification, and reuse

9

solutions, including, for example, as shown above.

28. Defendant's use of the WATER AS A SERVICE Marks creates the false impression that Plaintiff endorses or otherwise approves the goods and/or services Defendant offers.

29. Plaintiff has never authorized Defendant's use of the WATER AS A SERVICE Marks.

30. Plaintiff does not endorse, and has never endorsed, Defendant's business or Defendant's unauthorized use of the WATER AS A SERVICE Marks.

31. Defendant uses the WATER AS A SERVICE Marks in a manner that is likely to cause confusion or mistake or to deceive consumers as to the source or origin of Defendant's goods and/or services, causing damage to Plaintiff.

32. Defendant's unauthorized use of the WATER AS A SERVICE Marks constitutes a misrepresentation of origin and an unfair tactic by Defendant to confuse members of the public into believing that the Defendant is associated with Plaintiff.

33. Defendant's actions are likely to confuse consumers because of the similarity and/or relatedness of the goods and/or services offered by Plaintiff and Defendant and the essentially identical WATER AS A SERVICE Marks used by Defendant.

34. As a direct and proximate result of Defendant's acts of trademark

infringement, false designation of origin, and unfair competition, Plaintiff has sustained and will continue to sustain financial damage, and unless Defendant is enjoined by law from using Plaintiff's WATER AS A SERVICE Marks, Defendant will continue to cause irreparable harm to Plaintiff's business, reputation, and goodwill for which there is no adequate remedy at law.

35.    Defendant's acts described above are knowing and willful. With full knowledge of Plaintiff's trademark rights and objections, Defendant continues to use the WATER AS A SERVICE Marks without authorization.

## FIRST CAUSE OF ACTION
### Trademark Infringement,
### 15 U.S.C. § 1114

36.    Plaintiff hereby re-alleges and incorporates the allegations set forth in paragraphs 1 through 35 as if fully set forth herein, each of which is applicable to the cause of action set forth in this First Cause of Action.

37.    Plaintiff is the owner and senior user of the WATER AS A SERVICE Marks and possesses valid and enforceable rights in the WATER AS A SERVICE Marks in connection with all of the goods and/or services at issue in this case by virtue of Plaintiff's extensive use, registration, promotion, and advertisement of the WATER AS A SERVICE Marks.

11

38. Defendant willfully and knowingly used, and continues to use, the WATER AS A SERVICE Marks without the consent of Plaintiff in violation of 15 U.S.C. § 1114.

39. Defendant's unauthorized use of the WATER AS A SERVICE Marks in connection with its business is likely to cause confusion, cause mistake, or to deceive because it suggests that the goods and/or services offered and provided by Defendant are the same as the goods and/or services legitimately provided by Plaintiff in connection with the WATER AS A SERVICE Marks. Defendant's infringing use is likely to cause confusion because it suggests that Defendant's business, or the services and/or goods provided by its business, originate from, or are sponsored, authorized, or otherwise connected with Plaintiff.

40. Defendant does not have authorization, license, or permission from Plaintiff to market and sell its goods and/or services under the WATER AS A SERVICE Marks.

41. The goods and/or services provided by Defendant are not, in fact, authorized, sponsored, or otherwise connected with Plaintiff.

42. Defendant's use of the WATER AS A SERVICE Marks has materially damaged the value of the WATER AS A SERVICE Marks, caused damage to Plaintiff's business, and infringed on the WATER AS A SERVICE Marks.

43. As a proximate result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, damage, including to its business, goodwill, reputation, and profits in an amount to be proven at trial.

44. Pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to injunctive relief enjoining Defendant's infringing conduct.

45. Pursuant to 15 U.S.C. §§ 1117(a), Plaintiff is entitled to an order: (i) requiring Defendant to account to Plaintiff for any and all profits derived from its infringing actions, to be increased in accordance with the applicable provisions of law; (ii) awarding all damages sustained by Plaintiff that were caused by Defendant's unlawful conduct; and (iii) awarding the costs of the action.

46. Defendant's conduct was and is intentional, willful and without foundation in law, and, pursuant to 15 U.S.C. § 1117(a), Plaintiff is therefore entitled to an award of treble damages against Defendant.

47. Pursuant to 15 U.S.C. § 1117(a), Defendant's actions make this an exceptional case and, therefore, Plaintiff is entitled to an award of attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### False Designation of Origin and Unfair Competition,
### 15 U.S.C. § 1125(a)(1)(A)

48. Plaintiff hereby re-alleges and incorporates the allegations set forth in paragraphs 1 through 35 as if fully set forth herein, each of which is applicable to the cause of action set forth in this Second Cause of Action.

49. Plaintiff is the owner and senior user of the WATER AS A SERVICE Marks and possesses valid and enforceable rights in the WATER AS A SERVICE Marks in connection with all of the services at issue in this case by virtue of Plaintiff's extensive use, registration, promotion, and advertisement of the WATER AS A SERVICE Marks.

50. Defendant willfully and knowingly used, and continues to use, the WATER AS A SERVICE Marks in interstate commerce for purposes of advertising and promoting its business and providing goods and/or services without the consent of Plaintiff in violation of 15 U.S.C. § 1125(a)(1)(A).

51. Defendant's advertisements and promotions of its business unlawfully using the WATER AS A SERVICE Marks have been disseminated to the relevant consumer population.

52. Defendant's unauthorized use of the WATER AS A SERVICE Marks in connection with the advertising and promotion of its goods and/or services

14

misrepresents the nature, characteristics, qualities, and origin of the goods and/or services.

53.    Defendant's unauthorized use of the WATER AS A SERVICE Marks in connection with its goods and/or services is likely to cause confusion, cause mistake, or to deceive because it suggests that the goods and/or services provided by Defendant are the same as the goods and/or services legitimately bearing the WATER AS A SERVICE Marks. Defendant's infringing use of the WATER AS A SERVICE Marks is likely to cause confusion because it also suggests that its business, or the goods and/or services provided by its business, originate from, or are sponsored, authorized, or otherwise connected with Plaintiff.

54.    Defendant does not have authorization, license, or permission from Plaintiff to market and sell its goods and/or services under the WATER AS A SERVICE Marks.

55.    The goods and/or services provided by Defendant are not, in fact, authorized, sponsored, or otherwise connected with Plaintiff.

56.    Defendant's use of the WATER AS A SERVICE Marks, in advertising, in the offering for sale and sale of its goods and/or services and otherwise, infringes on the WATER AS A SERVICE Marks.

57.    Defendant's use of the WATER AS A SERVICE Marks is willful and intentional.

58.    As a proximate result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, damage, including to its business, good will, reputation, and profits in an amount to be proven at trial.

59.    Pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to injunctive relief enjoining Defendant's infringing conduct.

60.    Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to an order: (i) requiring Defendant to account to Plaintiff for any and all profits derived from its infringing actions, to be increased in accordance with the applicable provisions of law; (ii) awarding all damages sustained by Plaintiff that were caused by Defendant's unlawful conduct; and (iii) awarding the costs of the action.

61.    Defendant's conduct was and is intentional and without foundation in law, and, pursuant to 15 U.S.C. § 1117(a), Plaintiff is therefore entitled to an award of treble damages against Defendant.

62.    Pursuant to 15 U.S.C. § 1117(a), Defendant's actions make this an exceptional case and, therefore, Plaintiff is entitled to an award of attorneys' fees and costs.

**THIRD CAUSE OF ACTION**
**Violation of the Florida Deceptive and Unfair Trade Practices Act,**
**Florida Stat. § 501.201 *et. seq.***

63.     Plaintiff hereby re-alleges and incorporates the allegations set forth in paragraphs 1 through 35 as if fully set forth herein, each of which is applicable to the cause of action set forth in this Third Cause of Action.

64.     This claim arises under the laws of the State of Florida.

65.     The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Florida Statutes § 501.201 *et. seq.*, prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce[.]"

66.     Plaintiff is the owner and senior user of the WATER AS A SERVICE Marks and possesses valid and enforceable rights in the WATER AS A SERVICE Marks in connection with all of the services at issue in this case by virtue of Plaintiff's extensive use, registration, promotion, and advertisement of the WATER AS A SERVICE Marks.

67.     Defendant willfully and knowingly used, and continues to use, the WATER AS A SERVICE Marks in Florida and in interstate commerce for purposes of advertising and promoting its business and providing goods and/or services without the consent of Plaintiff.

17

68. Defendant's unauthorized use of the WATER AS A SERVICE Marks in connection with its business is likely to cause confusion, cause mistake, or to deceive because it suggests that the goods and/or services provided by Defendant are the same as the goods and/or services legitimately bearing the WATER AS A SERVICE Marks. Defendant's infringing use is deceitful because it also suggests that its business, or the services provided by its business, originate from, or are sponsored, authorized, or otherwise connected with Plaintiff.

69. Defendant does not have authorization, license, or permission from Plaintiff to market and sell its goods and/or services under the WATER AS A SERVICE Marks.

70. The goods and/or services provided by Defendant are not, in fact, authorized, sponsored, or otherwise connected with Plaintiff.

71. As a result of Defendant's actions, Plaintiff has sustained, and will continue to sustain, harm to its valuable goodwill and reputation established in connection with the use and promotion of the WATER AS A SERVICE Marks, and other harm. On information and belief, Florida and other consumers have also been harmed and will continue to be harmed by virtue of being deceived as to the origin of Defendant's goods and/or services.

72. Upon information and belief, Defendant's actions are willful, wanton, and/or in reckless disregard for the rights of Plaintiff and Florida consumers.

18

73. Unless enjoined, Defendant's wrongful conduct will continue to cause great, immediate, and irreparable injury to Plaintiff and Florida consumers.

74. Plaintiff is without an adequate remedy at law.

75. By virtue of its aforementioned acts, Defendant has violated FDUTPA.

<u>FOURTH CAUSE OF ACTION</u>
**Common Law Trademark Infringement**

76. Plaintiff hereby re-alleges and incorporates the allegations set forth in paragraphs 1 through 35 as if fully set forth herein, each of which is applicable to the cause of action set forth in this Fourth Cause of Action.

77. Plaintiff is the owner of common law rights in, and senior user of, the WATER AS A SERVICE Marks and possesses valid and enforceable rights in the WATER AS A SERVICE Marks in connection with all of the services at issue in this case by virtue of Plaintiff's extensive use, promotion, and advertisement of the WATER AS A SERVICE Marks.

78. Defendant willfully and knowingly used, and continues to use, the WATER AS A SERVICE Marks in interstate commerce for purposes of advertising and promoting its business and providing goods and/or services without the consent of Plaintiff.

79. Defendant's unauthorized use of the WATER AS A SERVICE Marks in connection with its business is likely to cause confusion, cause mistake, or

deceive because it suggests that the goods and/or services provided by Defendant are the same as the goods and/or services legitimately bearing the WATER AS A SERVICE Marks. Defendant's infringing use is likely to cause confusion because it also suggests that its business, or the goods and/or services provided by its business, originate from, or are sponsored, authorized, or otherwise connected with Plaintiff.

80. Defendant does not have authorization, license, or permission from Plaintiff to market and sell its goods and/or services under the WATER AS A SERVICE Marks.

81. The goods and/or services provided by Defendant are not, in fact, authorized, sponsored, or otherwise connected with Plaintiff.

82. Defendant's use of the WATER AS A SERVICE Marks is willful and intentional.

83. Defendant's unlawful actions and use of the WATER AS A SERVICE Marks have materially damaged the value of the WATER AS A SERVICE Marks, caused damage to Plaintiff's business, and infringed on Plaintiff's trademark rights in the WATER AS A SERVICE Marks.

84. As a proximate result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, immediate and irreparable harm, as well as great

damage, including to its business, good will, reputation, and profits in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION
### Common Law Unfair Competition

85.    Plaintiff hereby re-alleges and incorporates the allegations set forth in paragraphs 1 through 35 as if fully set forth herein, each of which is applicable to the cause of action set forth in this Fifth Cause of Action.

86.    Plaintiff is the owner and senior user of the WATER AS A SERVICE Marks and possesses valid and enforceable rights in the WATER AS A SERVICE Marks in connection with all of the goods and/or services at issue in this case by virtue of Plaintiff's extensive use, registration, promotion, and advertisement of the WATER AS A SERVICE Marks.

87.    Defendant willfully and knowingly used, and continues to use, the WATER AS A SERVICE Marks in interstate commerce for purposes of advertising and promoting its business and providing goods and/or services without the consent of Plaintiff.

88.    Defendant's unauthorized use of the WATER AS A SERVICE Marks in connection with its business is likely to cause confusion, cause mistake, or deceive because it suggests that the goods and/or services provided by Defendant are the same as the goods and/or services legitimately bearing the WATER AS A SERVICE Marks. Defendant's infringing use is likely to cause confusion because it

also suggests that its business, or the goods and/or services provided by its business, originate from, or are sponsored, authorized, or otherwise connected with Plaintiff.

89.   Defendant does not have authorization, license, or permission from Plaintiff to market and sell its goods and/or services under the WATER AS A SERVICE Marks.

90.   The goods and/or services provided by Defendant are not, in fact, authorized, sponsored, or otherwise connected with Plaintiff.

91.   Defendant's use of the WATER AS A SERVICE Marks is willful and intentional.

92.   Defendant's unlawful actions and use of the WATER AS A SERVICE Marks has materially damaged the value of the WATER AS A SERVICE Marks and infringed on the WATER AS A SERVICE Marks.

93.   As a proximate result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, immediate and irreparable harm, as well as great damage, including to its business, good will, reputation, and profits in an amount to be proven at trial.

94.   Defendant has acted willfully, intentionally and maliciously, such that Plaintiff is entitled to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

A.      Judgment in favor of Plaintiff and against Defendant in an amount to be determined at trial, including, but not limited to, compensatory damages, statutory damages, treble damages, restitution, including disgorgement of profits, and other damages, as permitted by law;

B.      A preliminary and permanent injunction enjoining Defendant and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendant, and all of those in active concert and participation with Defendant (the "Enjoined Parties") as follows:

i)      Prohibiting Enjoined Parties from using the WATER AS A SERVICE Marks or any other mark that is confusingly similar to the WATER AS A SERVICE Marks in any manner, including but not limited to, advertising, selling, promoting, or displaying the WATER AS A SERVICE Marks as well as any financial, marketing, webpages, or other documents bearing the WATER AS A SERVICE Marks in connection with the provision of water and water-related goods or services; and

23

ii) Requiring the Enjoined Parties to take all action to remove from the Enjoined Parties' websites, social media, and any other marketing any using the WATER AS A SERVICE Marks or any other mark that is confusingly similar to the WATER AS A SERVICE Marks;

C. An award of attorneys' fees, costs, and expenses; and

D. Such other and further relief as the Court deems just, equitable and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff respectfully requests a trial by jury in this action of all issues so triable.

Dated: May 21, 2026          Respectfully submitted,

By:   */s/ Clay M. Carlton*
Clay M. Carlton (Florida Bar 85767)
MORGAN, LEWIS & BOCKIUS LLP
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
clay.carlton@morganlewis.com

Brian P. O'Donnell (*pro hac vice forthcoming*)
MORGAN, LEWIS & BOCKIUS LLP
110 N. Wacker Dr., Ste. 2800
Chicago, IL 60606-1511
(312) 324-1000
brian.odonnell@morganlewis.com

24

Katya Wagstaff (*pro hac vice forthcoming*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
(202) 739-3000
katya.wagstaff@morganlewis.com

*Counsel for Plaintiff*
SEVEN SEAS WATER CORPORATION

25